FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

2016 APR 29 PM 1: 15

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

JAMES P. BOWEN, IV,

    Plaintiff,

-v-                                  CASE NO.: 3:16-CV-523-J-32MCR

SYNCHRONY BANK,

    Defendant.

_____/

## COMPLAINT

COMES NOW Plaintiff, JAMES P. BOWEN, IV, by and through the undersigned counsel, and sues Defendant, SYNCHRONY BANK, and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA"),

## INTRODUCTION

1. The TCPA was enacted to prevent companies like SYNCHRONY BANK from invading American citizen's privacy and prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct. 740, 745, 181 L.Ed. 2d 881 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers

another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal

## JURISDICTION AND VENUE

5. This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney fees and costs.

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

8. Venue is proper in this District as Plaintiff resides within this District (St. Johns County, Florida), the violations described in this Complaint occurred in this District and the Defendant transacts business within St. Johns County, Florida

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person, and citizen of the State of Florida, residing in St. Johns County, Florida

10. Plaintiff is a "consumer" as defined in Florida Statute 559.55(8).

11.     Plaintiff is an "alleged debtor."

12.     Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

13.     Defendant, SYNCHRONY BANK, is a corporate entity with its principle place of business located at 170 West Election Road, Draper, Utah 84020 and regularly conducts business in the State of Florida.

14.     Defendant is a "debt collector" as defined by Florida Statute § 559.55(7).

15.     The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

16.     Defendant called Plaintiff's cellular telephone approximately 147 times between November 25, 2015 and January 21, 2016 in an attempt to collect a debt that was not owed by Plaintiff.

17.     Defendant attempted to collect an alleged debt from the Plaintiff by this campaign of telephone calls.

18.     Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

19.     Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that he knew it was an autodialer because of the vast number of calls he received and because he received prerecorded messages from Defendant.

20. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (904) xxx-1238, and was the called party and recipient of Defendant's calls.

21. Beginning on or about November 25, 2015, Defendant began bombarding Plaintiff's cellular telephone (904) xxx-1238 in an attempt to collect on a consumer debt.

22. When Plaintiff answered his cellular phone, a pre-recorded voice came on the line announcing that the call was from SYNCHRONY BANK and requesting that "Kimberly Reffner (sp)" return the call. Plaintiff does not know anyone named "Kimberly Reffner (sp)."

23. Shortly after the calls began, in approximately December of 2015, Plaintiff contacted Defendant and explained that he was not "Kimberly Reffner (sp)," and requested that the calls to his cellular telephone cease. Defendant responded by insisting that Plaintiff's telephone number, 904-xxx-1238, was not in their database. However, the calls continued unabated until January 21, 2016.

24. While Plaintiff was not able to keep track of every single call, a list of the calls that Defendant made to Plaintiff between November 25, 2015 and January 21, 2016 is attached hereto as Exhibit "A."

25. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to the Plaintiff's cellular telephone in this case.

26. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as it did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Defendant, to remove the number.

27. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to Defendant they wish for the calls to stop.

28. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

4

29. Defendant has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call despite being requested to stop.

30. Defendant's corporate policy provided no means for the Plaintiff to have his number removed from the call list.

31. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not wish to be called.

32. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

33. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

34. Plaintiff fully incorporates and re-alleges Paragraphs 1 through 33 as if fully set forth herein.

35. Defendant willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone.

36. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant SYNCHRONY BANK for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

37. Plaintiff fully incorporates and re-alleges Paragraphs 1 through 33 as if fully set forth herein.

38. At all times relevant to this action, Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

39. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

40. Defendant has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

40. Defendant has violated Florida Statute §559.72(9) which states that no person shall "Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Specifically, Defendant was informed numerous times that they were calling the wrong person and not the debtor, and to stop calling. Despite this, Defendant continued to call the Plaintiff and assert a legal right to collect on a debt that was not legitimately his.

41. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant SYNCHRONY BANK for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Morgan & Morgan, Tampa, P.A.
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 222-4725
Florida Bar #: 0338620
Attorney for Plaintiff
tgomez@forthepeople.com